### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

**INGENIADOR, LLC**                                **CIVIL NUM.:**

     Plaintiff,

v.                                                 **PLAINTIFF REQUESTS TRIAL BY
                                                   JURY**

**RECREATIONAL EQUIPMENT, INC.**
                                                   **PATENT INFRINGEMENT**

     Defendant.


## COMPLAINT FOR INFRINGEMENT OF PATENT

TO THE HONORABLE COURT:

COMES NOW, Plaintiff Ingeniador, LLC ("Ingeniador"), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

## I.  NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code ("U.S.C.") to prevent and enjoin Defendant Recreational Equipment, Inc. ("Defendant") from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or consent from Ingeniador, from U.S. Patent No. 7,895,127 (the "'127 patent", attached hereto as Exhibit "A") pursuant to 35 U.S.C. §271, and to recover damages, attorneys' fees, and costs.

## II.  THE PARTIES

2.      Plaintiff Ingeniador is a Puerto Rico limited liability company with its principal place of business at 1607 Colón St. #101, San Juan, Puerto Rico 00911.

3.      Currently, Ingeniador develops for future commercial exploitation its product Decisive Growth, which practices the computer-implemented method described in the '127 patent.

4.      Defendant Recreational Equipment, Inc. is a corporation organized under the laws of the state of Washington, with a principal place of business at 6750 S. 228th Street, Kent, Washington. It can be served with process through its resident agent, Corporate Creations Network, Inc., West 505 Riverside Avenue #500, Spokane, Washington 99201.

5.      Defendant is in the business of selling outdoor gear, sporting goods and clothing. Furthermore, through its website www.rei.com ("Defendant's Website" or the "Website") Defendant offers customers the ability to post and share reviews and rate the products Defendant sells.

## III.  JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

7.      This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, as alleged herein, as well as because of the injury to Ingeniador and the cause of action Ingeniador has raised, as alleged herein.

8.      Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Puerto Rico long-arm statute, P.R. Laws Ann. Tit 32 App. V,

R. 3.1(a)(2), due to at least its substantial business in this forum, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Puerto Rico.

9.      Defendant has conducted and does conduct business within Puerto Rico, directly or through intermediaries, resellers or agents, or offers for sale, sells, advertises (including, but not limited to, the use of interactive web pages with promotional material) products or services, or uses services or products in Puerto Rico or elsewhere that infringe the '127 Patent.

10.     In addition to Defendant's continuously and systematically conducting business in Puerto Rico, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in Puerto Rico, including Defendant's making, using, offering for sale, or selling a service that includes a computer-implemented method for rating-based sorting and displaying of reviews, which include features that fall within the scope of at least one claim of the '127 Patent.

11.     Venue lies in this judicial district pursuant to 28 U.S.C. §§1391 and 1400(b).

## IV.  FACTUAL ALLEGATIONS

### The '127 patent

12.     On February 22, 2011, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '127 patent, entitled "Rating-based Sorting and Displaying of Reviews" after a full and fair examination.

13.     Ingeniador is presently the owner of all right, title and interest in and to the '127 patent. Ingeniador possesses all rights of recovery under the '127 patent, including the exclusive right to recover for past infringement.

14.    The '127 patent is valid and enforceable.

15.    The '127 patent contains four independent claims and thirteen dependent claims. Defendant commercializes methods that perform all the steps recited in one or more claims of the '127 patent.  Defendant employs a computer-implemented method that sorts and displays reviews based on ratings. Said method performs all the steps of the method covered by the '127 patent.  In addition, Defendant makes and/or uses articles or systems  that encompass one or more of the articles and systems claimed in the '127 patent.

16.    The method claimed in the '127 patent includes a computer-implemented method of displaying data. The '127 patent also includes an article storing computer code, and a computer system, for performing a method of displaying data.

17.    The method claimed in the '127 patent includes the steps of receiving a plurality of customers reviews for a plurality of subjects, each subject of the plurality of subjects being selected from a group consisting of a product, a service, and a market participant. Said plurality of subjects comprising a first subject, the customer reviews comprising a first plurality of reviews for the first subject. Each review of the first plurality of reviews comprising a rating of the first subject and a comment associated with the first subject. Where there is only a single customer of the plurality of customers per review of the first plurality of reviews. The '127 patent also includes an article storing computer code, and a computer system, for performing a similar step.

18.    The method claimed in the '127 patent includes the step of sorting the first plurality of reviews in a default order to obtain a default ordered first plurality of reviews.  The '127 patent also includes an article storing computer code, and a computer system, for performing a similar step.

19.     The method claimed in the '127 patent includes the steps of causing at least a first subset of the default ordered first plurality of reviews to be displayed on a first display page. Said first display page comprising a first input for requesting a first non-default ordered display of the first plurality of reviews in accordance with a first non-default order, the first non-default order being based on ratings in the reviews of the first plurality of reviews, the first non-default order being different from the default order, the first subset comprising a plurality of contiguous reviews. The '127 patent also includes an article storing computer code, and a computer system, for performing a similar step.

20.     The method claimed in the '127 patent includes the step of receiving through the first input a first request for the first non-default ordered display of the first plurality of reviews. The '127 patent also includes an article storing computer code, and a computer system, for performing a similar step.

21.     The method claimed in the '127 patent includes the step of sorting the first plurality of reviews in the first non-default order to obtain a first non-default ordered first plurality of reviews. The '127 patent also includes an article storing computer code, and a computer system, for performing a similar step.

22.     The method claimed in the '127 patent, in response to the first request, includes the step of causing to be displayed on a second display page at least a second subset of the first non-default ordered first plurality of reviews, the second subset comprising a plurality of contiguous reviews. The '127 patent also includes an article storing computer code, and a computer system, for performing a similar step.

*23.*    The method claimed in the '127 patent includes the step of wherein the steps of receiving from the plurality of customers reviews, sorting the first plurality of reviews in the

default order, causing at least the first subset of the default ordered first plurality of reviews to be displayed, receiving through the first input the first request, sorting the first plurality of reviews in the first non-default order, and causing to be displayed on the second display page are performed by one or more computers. The '127 patent also includes an article storing computer code, and a computer system, for performing a similar step.

## *Defendants' Infringement of the '127 patent*

24.    Defendants own and operate the Website, which enables customers to purchase outdoor gear, sporting goods and clothing (hereafter "products" or "product").

25.    Said Website uses web servers that employ a computer-implemented method that sorts and displays reviews based on ratings. For example, Defendant's Website allows customers to rate and review a selected product and displays the results on a webpage. In the course of doing so, Defendant also makes and/or uses articles storing computer code, as well as computer systems, to carry out such a function.

26.    Defendant's Website uses a computer-implemented method that sorts and displays reviews based on ratings.  Said Website is hosted on a web server. A server is a specialized computer for processing requests. For example, Defendant's Website uses one or more of these web servers to display data, such as ratings and customer reviews for products. In the course of doing so, Defendant also makes and/or uses articles storing computer code, as well as computer systems, to carry out such a function.

27.    Defendant's Website performs the step of receiving from a plurality of customers reviews for a plurality of subjects. For example, Defendant's Website receives a plurality of customer reviews for a plurality of subjects (the subject being the products) that rate the plurality of subjects based on a scale from 0 to 5 stars. In the course of doing so, Defendant also makes

6

and/or uses articles storing computer code, as well as computer systems, to carry out such a function.

28.     At Defendant's Website, each subject of the plurality of subjects is selected from a group consisting of a product, a service, and a market participant. For example, subjects seen at Defendant's Website are products and as a whole form a group of products. In the course of doing so, Defendant also makes and/or uses articles storing computer code, as well as computer systems, to carry out such a function.

29.     At Defendant's Website, the plurality of subjects comprises a first subject. For example, the first subject at the Website is the first product in the group of products. In the course of doing so, Defendant also makes and/or uses articles storing computer code, as well as computer systems, to carry out such a function.

30.     The customer reviews for the first product in a list of products at Defendant's Website comprise a first plurality of reviews for the first subject. These reviews comprise a rating and comment associated with the first subject. For example, at Defendant's Website when the "Reviews" tab for the first product is selected, a first plurality of reviews for the first subject is shown. These first pluralities of reviews comprise a rating of and a comment associated with the first subject. In the course of doing so, Defendant also makes and/or uses articles storing computer code, as well as computer systems, to carry out such a function.

31.     At Defendant's Website, there is only a single customer of the plurality of customers per review of the first plurality of reviews. For example, a single customer creates each review at Defendant's Website. In the course of doing so, Defendant also makes and/or uses articles storing computer code, as well as computer systems, to carry out such a function.

32.    Defendant's Website performs the step of sorting the first plurality of reviews in a default order to obtain a default ordered first plurality of reviews. The customer reviews at Defendant's Website are sorted in a default order to obtain a default ordered first plurality of reviews. For example, the default sorting order at Defendant's Website is "Newest", which sorts the reviews chronologically beginning with the latest review. In the course of doing so, Defendant also makes and/or uses articles storing computer code, as well as computer systems, to carry out such a function.

33.    Defendant's Website performs the step of causing at least a first subset of the default ordered first plurality of reviews to be displayed on a first display page, the first display page comprising a first input for requesting a first non-default ordered display of the first plurality of reviews in accordance with a first non-default order. That is, at Defendant's Website at least a first subset of default-ordered reviews are displayed on a first webpage. This webpage has an input for requesting a non-default ordered display of the plurality of reviews. For example, the Defendant's Website first subset of contiguous reviews is the top-ordered list of reviews that are displayed on the first review page in reverse chronological order. An input is present via a drop-down menu allowing the request of a first non-default ordered display of the first plurality of reviews: "Highest rating". In the course of doing so, Defendant also makes and/or uses articles storing computer code, as well as computer systems, to carry out such a function.

34.    At Defendant's Website, the first non-default order is based on ratings in the reviews of the first plurality of reviews, the first non-default order being different from the default order, the first subset comprising a plurality of contiguous reviews. For example, the Defendant's Website's first non-default ordered display of the first plurality of reviews is based

on rating in the reviews of the first plurality of reviews, which is "Highest rating" and orders the reviews with the highest rating at the top of the list.  It is different from the default order, which will put a review with a lower rating at the top of the list if it has a more recent review date. The reviews are listed in sequential order according to which input the user chooses to display the reviews (the default or non-default order(s)). In the course of doing so, Defendant also makes and/or uses articles storing computer code, as well as computer systems, to carry out such a function.

35.     Defendant's Website performs the step of receiving through the first input a first request for the first non-default ordered display of the first plurality of reviews. For example, when a user selects from the drop-down input menu to sort by "Highest rating", Defendant's Website will receive the selection of  "Highest rating" as the first non-default ordered display. In the course of doing so, Defendant also makes and/or uses articles storing computer code, as well as computer systems, to carry out such a function.

36.     Defendant's Website performs the step of sorting the first plurality of reviews in the first non-default order to obtain a first non-default ordered first plurality of reviews. For example, when "Highest rating" is selected from the drop-down menu input, the reviews will be sorted by their rating beginning with the highest rated review. In the course of doing so, Defendant also makes and/or uses articles storing computer code, as well as computer systems, to carry out such a function.

37.     In response to the first request, Defendant's Website will display on a second display page at least a second contiguous subset of the first non-default ordered first plurality of reviews.  For example, in response to receiving "Highest rating" as the sorting selection from the drop-down menu input, Defendant's Website will display contiguous reviews in order of their

rating beginning with the highest rated review. In the course of doing so, Defendant also makes and/or uses articles storing computer code, as well as computer systems, to carry out such a function.

38.     At Defendant's Website, the steps of receiving from the plurality of customers reviews, sorting the first plurality of reviews in the default order, causing at least the first subset of the default ordered first plurality of reviews to be displayed, receiving through the first input the first request, sorting the first plurality of reviews in the first non-default order, and causing to be displayed on the second display page are performed by one or more computers. For example, websites are hosted on web servers, which are specialized computers for processing requests. Defendant's Website is a website and thus it can be concluded that said steps are performed by one or more computers. In the course of doing so, Defendant also makes and/or uses articles storing computer code, as well as computer systems, to carry out such a function.

## DIRECT INFRINGEMENT

39.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 38.

40.     Taken together, either partially or entirely, the features included in Defendant's Website perform all the steps recited in one or more of the claims of the '127 Patent. Further, Defendant also makes and/or uses articles storing computer code, as well as computer systems, to carry out such a function, including all elements recited in one or more claims of the '127 Patent.

41.     Through Defendant's Website, Defendant directly infringes one or more of the claims of the '127 patent by making, using, selling, offering to sell and/or importing a computer-implemented method that sorts and displays reviews based on ratings, which illegally performs

the process defined by the claims of the '127 Patent, in violation of 35 U.S.C. §271(a). For example, and without limitation, Defendant directly infringes at least one claim of the '127 patent by using a website that displays ratings and customer reviews for its products.

42.     By engaging in the conduct described herein, Defendant has injured Ingeniador and is thus liable for infringement of the '127 patent, pursuant to 35 U.S.C. §271.

43.     Defendant has committed these acts of infringement without license or authorization.

44.     To the extent that facts learned in discovery show that Defendant's infringement of the '127 patent is or has been willful, Ingeniador reserves the right to request such a finding at the time of trial.

45.     As a result of Defendant's' infringement of the '127 patent, Ingeniador has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interest and costs.

46.     Ingeniador will continue to suffer damages in the future unless this Court enjoins Defendant's infringing activities. As such, Ingeniador is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

47.     Ingeniador has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with it from directly infringing the '127 patent.

## V.  DEMAND FOR JURY TRIAL

Ingeniador demands a trial by jury of any and all causes of action.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Ingeniador prays for the following relief:

1.  That Defendant be adjudged to have infringed the '127 patent directly, literally and/or under the doctrine of equivalents;

2.  That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from infringing the '127 patent;

3.  An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Ingeniador for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

4.  An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

5.  That Defendant be directed to pay enhanced damages, including Ingeniador's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

6.  That Ingeniador have such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 19th day of June, 2013.

*/s/Eugenio J. Torres-Oyola*
Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Tel.: (787) 766-7000 / Fax: (787) 766-7001
Email: etorres@ferraiuoli.com